UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:23-cv-00427

| | | |
|---|---|---|
| MAURICE WELLS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| SHERIFF TERRY S. JOHNSON, | ) | |
| in his Official Capacity as Sheriff | ) | |
| of Alamance County, North | ) | |
| Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

NOW COMES Defendant Sheriff Terry S. Johnson, in his Official Capacity as Sheriff of Alamance County, North Carolina (hereinafter "Defendant"), by and through undersigned counsel, and hereby responds to Plaintiff's Complaint as follows:

## PARTIES

1.     Denied for lack of information or belief.

2.     Admitted.

3.     Paragraph 3 states a legal conclusion for which no response is required. To the extent a response is necessary, denied.

## JURISDICTION AND VENUE

4. The allegations contained in Paragraph 4 constitute legal conclusions for which no response is required. To the extent a response is necessary, denied.

5. The allegations contained in Paragraph 5 constitute legal conclusions for which no response is required. To the extent a response is necessary, denied.

## FACTUAL ALLEGATIONS

6. It is admitted that a protest occurred on July 11, 2020 within the City of Graham, North Carolina; that the protest occurred near the Alamance County Courthouse; and, that Plaintiff was present during the protest. Except as admitted, all remaining allegations are denied as stated and for lack of information or belief.

7. It is admitted the BLM Protest took place near Sesquicentennial Park and there was a stage set up "in the middle of North Main Street." It is also admitted that Sesquicentennial Park is an approximately 2,500 square foot park that was founded in 1999 to commemorate the 150th anniversary of Alamance County, that the park has benches, greenery, and a structure that houses an approximately 400 lb. bell that previously sat atop the original courthouse in the City of Graham, North Carolina. Except as admitted, denied as stated or for lack of information or belief.

8.     It is admitted that counter-protesters gathered in the same vicinity of the BLM Protest during the BLM Protest. Except as admitted, denied for lack of information or belief.

9.     The allegations contained in this paragraph are based on the testimony of witnesses in Plaintiff's criminal trial which speaks for itself. Any allegations contained in this paragraph inconsistent with the testimony referenced therein are expressly denied. All remaining allegations are denied.

10.     Denied for lack of information and belief.

11.     The allegations contained in this paragraph purport to be based on Exhibit A, which speaks for itself. Any allegations contained in this paragraph inconsistent with Exhibit A are expressly denied. All remaining allegations are denied.

12.     It is admitted that Mr. Wells "rang the bell and simultaneously sang" at or about 3:00 p.m. on the date of the BLM Protest. Except as admitted, denied for lack of information or belief.

13.     Denied as stated.

14.     Admitted.

15.     The allegations contained in this paragraph purport to be based on Exhibits A and B, which speak for themselves. Any allegations contained in this paragraph inconsistent with Exhibits A and B are expressly denied. It is admitted that Sheriff Johnson observed Plaintiff arguing with and directing

obscenities towards counter-protesters. Except as specifically admitted herein, the remaining allegations contained in Paragraph 15 are denied.

16. The allegations contained in this paragraph purport to be based on Exhibit A, which speaks for itself. Any allegations contained in this paragraph inconsistent with Exhibit A are expressly denied. It is admitted that Sheriff Johnson interacted with Mr. Williamson, Jr. during the protest. Except as specifically admitted herein, the remaining allegations contained in Paragraph 16 are denied as stated.

17. The allegations contained in this paragraph purport to be based on Exhibit A, which speaks for itself. Any allegations contained in this paragraph inconsistent with Exhibit A are expressly denied. It is admitted that Sheriff Johnson interacted with Mr. Williamson, Sr. during the protest. Except as specifically admitted herein, the remaining allegations contained in Paragraph 17 are denied as stated.

18. The allegations contained in this paragraph purport to be based on Exhibit A, which speaks for itself. Any allegations contained in this paragraph inconsistent with Exhibit A are expressly denied. It is admitted that Sheriff Johnson interacted with Mr. Williamson, Jr. and Sr. during the BLM Protest. Except as specifically admitted herein, the remaining allegations contained in Paragraph 18 are denied as stated.

19.     The allegations contained in this paragraph purport to be based on Exhibit A, which speaks for itself. Any allegations contained in this paragraph inconsistent with Exhibit A are expressly denied. It is admitted that Plaintiff "informed Sheriff Johnson that he intended to continue singing and ringing the bell" and that Plaintiff stated to Sheriff Johnson "take me to fucking jail." Except as specifically admitted herein, the remaining allegations contained in Paragraph 19 are denied as stated.

20.     The allegations contained in this paragraph purport to be based on Exhibits A and B, which speak for themselves. Any allegations contained in this paragraph inconsistent with Exhibits A and B are expressly denied. It is admitted that Sheriff Johnson interacted with Mr. Wells during the protest. Except as specifically admitted herein, the remaining allegations contained in Paragraph 20 are denied as stated.

21.     Denied.

22.     The allegations contained in this paragraph purport to be based on Exhibit A, B, and C, which speak for themselves. Any allegations contained in this paragraph inconsistent with Exhibits A, B, and C are expressly denied. It is admitted that Sheriff Johnson interacted with Plaintiff during the protest. Except as specifically admitted herein, the remaining allegations contained in Paragraph 22 are denied as stated.

23.    The allegations contained in this paragraph are purportedly based on "cell phone video" which speaks for itself. Any inferences to be drawn therefrom, including those stated in Paragraph 23, are denied. All remaining allegations contained in Paragraph 23 are denied as stated.

24.    The allegations contained in this paragraph are purportedly based on "cell phone video" which speaks for itself. Any inferences to be drawn therefrom, including those stated in Paragraph 24, are denied. All remaining allegations contained in Paragraph 24 are denied as stated.

25.    The allegations contained in this paragraph purport to be based on Exhibit A, which speaks for itself. Any allegations contained in this paragraph inconsistent with Exhibit A are expressly denied. It is admitted that Sheriff Johnson believed Plaintiff "was inciting a fight" during the BLM Protest. Except as specifically admitted herein, the remaining allegations contained in Paragraph 25 are denied.

26.    The allegations contained in this paragraph purport to be based on Exhibit A, which speaks for itself. Any allegations contained in this paragraph inconsistent with Exhibit A are expressly denied. Defendant affirmatively alleges that he believed Plaintiff "was inciting a fight" during the BLM Protest. All remaining allegations contained in Paragraph 26 are denied.

27.     Defendant admits that Sheriff Johnson "was the constitutionally elected Sheriff of Alamance County, North Carolina." All remaining allegations contained in Paragraph 27 are denied as stated.

28.     Defendant admits Plaintiff was charged with crimes set forth in this paragraph. All remaining allegations contained in Paragraph 28 are denied for lack of information or belief.

29.     N.C. Gen. Stat. § 14-288.5(a) speaks for itself. Any allegations contained in Paragraph 29 inconsistent with N.C. Gen. Stat. § 14-288.5(a) are expressly denied. All remaining allegations contained in Paragraph 29 are denied.

30.     The allegations contained in this paragraph purport to be based on Exhibit A, B, and C, which speak for themselves. Any allegations contained in this paragraph inconsistent with Exhibits A, B, and C are expressly denied. It is admitted that Sheriff Johnson and other members of the Alamance County Sheriff's Office were present on the scene during the protest. Except as specifically admitted herein, the remaining allegations contained in Paragraph 30 are denied.

31.     The allegations contained in this paragraph purport to be based on Exhibit A, which speaks for itself. Any allegations contained in this paragraph inconsistent with Exhibit A are expressly denied. All remaining allegations contained in Paragraph 31 are denied for lack of information or belief.

32.     Admitted.

33.     It is admitted Plaintiff was found guilty of two misdemeanor charges on March 24, 2021; that Plaintiff has appealed his convictions to the Superior Court of Alamance County, North Carolina; and, that Plaintiff's appeal is currently pending before the Superior Court of Alamance County, North Carolina.  Except as specifically admitted herein, the allegations contained in Paragraph 33 are denied as stated.

## FIRST CLAIM FOR RELIEF
(First Amendment Violations-42 U.S.C. § 1983)

34.     Defendant re-alleges and incorporate by reference his responses to all preceding paragraphs of Plaintiff's Complaint as though fully set forth herein.

35.     Denied.

36.     Defendant admits that Sheriff Johnson was the "constitutionally elected Sheriff of Alamance County, North Carolina, and was acting under color of state law" on July 11, 2020. Except as specifically admitted, the remaining allegations contained in Paragraph 36 are denied as stated.

37.     North Carolina General Statute § 15A-401(c)(1) (2022) speaks for itself. The remaining allegations of Paragraph 37 constitute legal conclusions for which no response is required. To the extent a response is required, denied.

38.    The allegations contained in Paragraph 38 constitute legal conclusions for which no response is required. To the extent a response is required, denied.

39.    The allegations contained in Paragraph 39 constitute legal conclusions for which no response is required. To the extent a response is required, denied.

40.    The allegations contained in Paragraph 40 constitute legal conclusions for which no response is required. To the extent a response is required, denied.

41.    It is admitted that Plaintiff was arrested "by the old courthouse bell in Sesquicentennial Park." The remaining allegations contained in Paragraph 41 constitute legal conclusions for which no response is required. To the extent a response is required, denied.

42.    It is admitted that Plaintiff was "ringing the old courthouse bell" prior to his arrest on July 11, 2020. All remaining allegations contained in Paragraph 42 are denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    It is denied that Plaintiff's arrest was part of a pattern and practice in which ACSO suppressed the rights of protesters to speak on matters of

public concern following the death of George Floyd in May, 2020. It is admitted that "on September 26, 2020, ACSO deputies again arrested Plaintiff in the area around the Courthouse," and that Plaintiff was "charged with Disorderly Conduct, along with Resisting a Public Officer and Injury to Personal Property." The pleadings and consent order in the cited lawsuit, *NAACP v. Peterman*, No. 1:20-cv-613, speak for themselves, and no response is required to the extent the allegations recite or paraphrase filings from the lawsuit. To the extent this paragraph contains allegations against Defendant or the allegations contained in this paragraph are inconsistent with the pleadings and consent order described herein, those allegations are denied. Except as specifically admitted herein, the allegations of Paragraph 46 are denied.

47.   Denied.

48.   The allegations contained in Paragraph 48 constitute legal conclusions for which no response is required. To the extent a response is necessary, denied.

49.   Denied.

50.   The allegations contained in Paragraph 50 constitute legal conclusions for which no response is required. To the extent a response is necessary, denied.

51.    The allegations contained in Paragraph 51 constitute legal conclusions for which no response is required. To the extent a response is necessary, denied.

52.    The allegations contained in Paragraph 52 constitute legal conclusions for which no response is required. To the extent a response is necessary, denied.

53.    Denied.

54.    Denied.

55.    The allegations contained in Paragraph 55 constitute legal conclusions for which no response is required. To the extent a response is necessary, denied.

56.    The allegation contained in this paragraph that "Mr. Wells is a 36-year-old man" is denied for lack of information or belief. All remaining allegations contained in this paragraph are denied.

57.    Denied.

58.    Denied.

59.    Denied.

## SECOND CLAIM FOR RELIEF
(Declaration of Rights-N.C. Gen. Stat. §§ 1-253 and 42 U.S.C. § 1983)

60.     Defendant re-alleges and incorporate by reference his responses to all preceding paragraphs of Plaintiff's Complaint as though fully set forth herein.

61.     It is admitted that Plaintiff purports to seek declaratory relief under the First and Fourteenth Amendments to the U.S. Constitution pursuant to 42 U.S.C. § 1983, N.C. Gen. Stat. §§ 1-253, 7A-245(a)(4) (2022), and Rule 57 of the North Carolina Rules of Civil Procedure. It is denied that Plaintiff is entitled to the relief he seeks. All remaining allegations contained in this paragraph are denied.

62.     The allegations contained in Paragraph 62 constitute legal conclusions for which no response is required. To the extent a response is necessary, denied.

63.     Denied.

64.     The allegations contained in Paragraph 64 constitute legal conclusions for which no response is required. To the extent a response is necessary, denied.

65.     Denied for lack of information or belief.

66.     It is admitted that Plaintiff purports to seek declaratory relief under the First and Fourteenth Amendments to the U.S. Constitution pursuant to 42 U.S.C. § 1983, N.C. Gen. Stat. §§ 1-253, 7A-245(a)(4) (2022), and Rule 57 of the North Carolina Rules of Civil Procedure. It is denied that

Plaintiff is entitled to the relief he seeks. All remaining allegations contained in this paragraph are denied.

ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ARE DENIED, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Defendant pleads all applicable immunities to which he is entitled to by operation of law and in bar of Plaintiff's claims herein, including, but not limited to, governmental immunity, qualified immunity, public official immunity and the public duty doctrine.

## THIRD DEFENSE

To the extent Plaintiff participated in unjustified violence and failed to follow lawful orders, Defendant assets an equitable defense that Plaintiff shall be barred from seeking recovery from Defendant and that Plaintiff's injuries, if any, were caused by his own improper actions.

## FOURTH DEFENSE

Defendants alleges that at all times relevant to this action, he was acting without malice and with a good faith belief that his duties were carried out in

accordance with the Laws and the Constitutions of the United States and the State of North Carolina.

## FIFTH DEFENSE

Plaintiff's Complaint as a whole, and each purported cause of action alleged and remedy sought therein, is barred in whole or in part, by the doctrine of unclean hands.

## SIXTH DEFENSE

To the extent Plaintiff suffered any damages, injuries or losses as alleged in the Complaint, which is denied, said damages, injuries or losses were not proximately caused by any act or omission of Defendant.

## SEVENTH DEFENSE

Defendant did not engage in, promote or further any policy or practice which deprived Plaintiff of any rights secured by the Constitution or laws of this land.

WHEREFORE, having answered all allegations made by Plaintiff, Defendant respectfully requests that the Court grant it the following relief:

1. That Plaintiff recover nothing from Defendant and that Plaintiff's claims against Defendant be dismissed with prejudice.

2. That Defendant have and recover his costs in this action, including court costs and reasonable attorneys' fees.

3. For a trial by jury of all issues of fact so triable herein.

4880-3696-8556, v. 1

4.     For such other and further relief as the court may deem just and

proper.

This the 22nd day of June, 2023.

                              CRANFILL SUMNER LLP


                        By:     /s/ Elizabeth C. Stephens
                                Elizabeth C. Stephens
                                N. C. Bar No. 59890
                                Post Office Box 27808
                                Raleigh, North Carolina 27611-7808
                                Telephone: (919) 828-5100
                                Fax: (919) 828-2277
                                E-mail:  EStephens@cshlaw.com

                                Patrick H. Flanagan
                                N. C. Bar No. 30787
                                Post Office Box 30787
                                Charlotte, NC 28230
                                Telephone: (704) 332-8300
                                Fax: (704) 332-9994
                                Email: phf@cshlaw.com

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned hereby certifies that on June 22, 2023, the foregoing ***Answer*** was filed electronically with the Clerk of the United States District Court for the Middle District of North Carolina using the CM/ECF system which will send notification of this filing and an electronic copy of the same to all counsel of record registered with the CM/ECF system and mailed the document via the United States Postal Service, postage pre-paid and addressed to:

Cory Patterson
**Nelson Mullins Riley & Scarborough LLP**
One Wells Fargo Center
301 South College Street, 23rd Floor
Charlotte, NC 28202
cory.patterson@nelsonmullins.com
*Attorney for Plaintiff*

Chelsea K. Barnes
**Nelson Mullins Riley & Scarborough LLP**
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
chelsea.barnes@nelsonmullins.com
*Attorneys for Plaintiff*

   This the 22nd day of June, 2023.

     CRANFILL SUMNER LLP


By: /s/ Elizabeth C. Stephens
   Elizabeth C. Stephens
   N. C. Bar No. 59890
   Post Office Box 27808
   Raleigh, North Carolina 27611-7808
   Telephone: (919) 828-5100
   Fax: (919) 828-2277
   E-mail: EStephens@cshlaw.com

   Patrick H. Flanagan
   N. C. Bar No. 30787
   Post Office Box 30787
   Charlotte, NC 28230
   Telephone: (704) 332-8300
   Fax: (704) 332-9994
   Email: phf@cshlaw.com