IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MAURICE WELLS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-CV-427 |
| | ) | |
| SHERIFF TERRY S. JOHNSON, in his official capacity as Sheriff of Alamance County, North Carolina, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In July 2020, the plaintiff, Maurice Wells, was one of many participants in a Black Lives Matter protest in Graham, Alamance County, North Carolina. Counter-protesters were also present. Protesters, including Mr. Wells, and counter-protesters rang an old courthouse bell in a nearby park. The defendant, Alamance County Sheriff Terry Johnson, told Mr. Wells and others to leave the area, but Mr. Wells refused. He was arrested, charged with disorderly conduct and failure to disperse, and convicted in state district court on those charges. He has appealed his conviction to state superior court for a trial *de novo*.

Mr. Wells sues Sheriff Johnson, contending that the defendant arrested him in retaliation for exercising his First Amendment rights. He alleges that there was no probable cause for his arrest because he was engaged in protected speech and that Sheriff Johnson issued an invalid dispersal order. He further contends that his First Amendment rights were violated even if there was probable cause for his arrest, citing the narrow

exception recognized by the Supreme Court in *Nieves v. Bartlett*. Cross-motions for summary judgment are pending.

Because Mr. Wells was convicted in state district court and has not offered evidence that his conviction was obtained by fraud or other unfair means, Mr. Wells has not shown an absence of probable cause, a required element of his retaliatory arrest claim. He also has not offered the objective evidence necessary under *Nieves* to establish the causal link between the arrest and the protected speech when probable cause exists. Summary judgment will be granted for the defendant.

I.  **Procedural History**

In April 2023, Mr. Wells filed suit in state court against Sheriff Johnson in his official capacity, alleging Sheriff Johnson retaliated against him for exercising his First Amendment rights. *See generally* Doc. 1-1 at 1–22;[1] Doc. 4. Sheriff Johnson removed the case to federal court, Doc. 1, and answered the complaint. Doc. 11.

After the close of discovery, the parties filed cross-motions for summary judgment. Doc. 29; Doc. 34. The motions have been fully briefed.

In May 2024, the Court asked for supplemental briefing from the plaintiff setting forth the elements of each and every claim and each and every theory of recovery. *See* Doc. 47 at 1–2. As set forth in the plaintiff's later filings, the plaintiff pursues his 42 U.S.C. § 1983 First Amendment retaliatory arrest claim under two alternative theories: (1) the defendant lacked probable cause to arrest the plaintiff on either charge, and (2) the

---

[1] The Court has used the pagination appended by the CM/ECF system for citations.

2

Case 1:23-cv-00427-CCE-LPA    Document 65    Filed 07/30/24    Page 2 of 10

plaintiff was arrested with probable cause but when similarly situated people not engaged in the same sort of protected speech were not arrested. *See* Doc. 49; Doc. 56; Doc. 61. To the extent that the complaint can be read to assert any other cause of action or theory of recovery, the plaintiff has abandoned such claims and theories.

## II. Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When parties submit cross-motions for summary judgment, "the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (cleaned up); *see also Coal. for TJ v. Fairfax Cnty. Sch. Bd.*, 68 F.4th 864, 878 (4th Cir. 2023).

## III. Undisputed Facts

On July 11, 2020, Mr. Wells participated in a protest in Graham, North Carolina. Doc. 4 at ¶ 6 (complaint); Doc. 11 at ¶ 6 (answer). The city issued a permit for the protest that expired at 3:00 p.m. Doc. 4-1 at 7. The protest took place near a park that has a bell from the original courthouse. Doc. 4 at ¶ 7; Doc. 11 at ¶ 7; Doc. 4-1 at 9. During the protest, a group of counter-protesters rang the park bell. Doc. 4 at ¶ 9; Doc. 11 at ¶ 9; Doc. 4-1 at 38. Sheriff Johnson arrived at the scene around 3:00 p.m. Doc. 4 at ¶ 14; Doc. 11 at ¶ 14; Doc. 4-1 at 7–8. Protesters, including Mr. Wells, and counter-protesters were in the park. Doc. 4-1 at 8. Around this time Mr. Wells began to ring the park bell and sing. *Id.* at 9; Doc. 4 at ¶¶ 12, 19; Doc. 11 at ¶¶ 12, 19.

Sheriff Johnson told two of the counter-protesters and Mr. Wells that they needed to leave.  Doc. 4-1 at 8–10; Doc. 4 at ¶¶ 16–17, 19; Doc. 11 at ¶¶ 16–17, 19.  Mr. Wells did not leave but instead said he would continue ringing the bell and "take me to f-ing jail."  Doc. 4-1 at 9–10; Doc. 4 at ¶ 19; Doc. 11 at ¶ 19.  He was arrested, *see* Doc. 37-3 at 15, and charged with disorderly conduct and failure to disperse, both misdemeanors under North Carolina law.  Doc. 30-5.

A state district court judge found him guilty on both counts.  Doc. 30-1 at 1, 92.  Mr. Wells appealed to superior court for a trial *de novo*.  *Id.* at 93; Doc. 35-2 at 29–30; *see* N.C. Gen. Stat. § 15A-1431(b) (allowing a "defendant convicted in the district court before the judge" to "appeal to the superior court for trial de novo with a jury").  The charges remain pending.  Doc. 4 at ¶ 33; Doc. 11 at ¶ 33.

## IV. First Amendment Retaliatory Arrest Claim

A § 1983 plaintiff must prove he was deprived a constitutional right by a defendant acting under color of state law.  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  Under the First Amendment, individuals have a right to engage in protected speech without being subjected to retaliatory actions by government officials.  *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019).

A plaintiff asserting a First Amendment claim of retaliation must show (1) he engaged in First Amendment protected activity; (2) the defendant took an action that adversely affected that protected activity; and (3) there was a causal relationship between the protected activity and the adverse action.  *See Nazario v. Gutierrez*, 103 F.4th 213, 236 (4th Cir. 2024).  The adverse action is one "that would not have been taken absent

the retaliatory motive." *Hous. Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 477 (2022) (quoting *Nieves*, 587 U.S. at 399).

In a retaliatory arrest claim, like Mr. Wells makes, the alleged adverse action is the arrest. *See id*; *see also Nazario v. Gutierrez*, No. 21-CV-169, 2022 WL 319831, at *5 (E.D. Va. Feb. 2, 2022) (stating "[t]he constitutional tort of First Amendment retaliation is broader than the standard retaliatory arrest claim"). For a First Amendment retaliatory arrest claim, a plaintiff generally must also show there was no probable cause for his arrest to establish the but-for causal link between the arrest and the impermissible motive. *Nieves*, 587 U.S. at 402; *Hulbert v. Pope*, 70 F.4th 726, 738 (4th Cir. 2023).

"[A] narrow qualification" exists when "officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Nieves*, 587 U.S. at 406. In such a circumstance, the plaintiff must present "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 407; *Gonzalez v. Trevino*, 144 S. Ct. 1663, 1666 (2024).

V.  **Discussion**

Mr. Wells offers two theories to support his First Amendment retaliatory arrest claim. Doc. 49; Doc. 56; *see also* Doc. 61. First, he contends that Sheriff Johnson lacked probable cause to arrest him on either charge because (1) the dispersal order the sheriff issued was invalid and (2) Mr. Wells was engaged in protected speech, not disorderly conduct. Doc. 56 at 2. In the alternative, Mr. Wells contends that even if there was probable cause, his arrest violated his First Amendment rights because others not engaged in the same sort of protected speech were not arrested, citing the narrow

5

exception in *Nieves*. Doc. 49 at 2–3. Under each theory, Mr. Wells alleges that the adverse action was his arrest and removal from the area. *Id.* at 1; Doc. 56 at 1.

As to his first theory, Mr. Wells cannot show lack of probable cause. In North Carolina, a state court conviction, even one that is later vacated or reversed on appeal, establishes probable cause for an arrest so long as it was not obtained by fraud or other unfair means. *Gilliam v. Sealey*, 932 F.3d 216, 232 (4th Cir. 2019); *Simpson v. Sears, Roebuck and Co.*, 231 N.C. App. 412, 415–16, 752 S.E.2d 508, 510 (2013) (holding that in malicious prosecution case, a plaintiff who "affirmatively discloses" a conviction "of criminal charges in district court, before being found not guilty in superior court, . . . must plead that the conviction in district court was procured by fraud or some other unfair means"). If a plaintiff cannot show his conviction was obtained improperly, he cannot bring a § 1983 claim that requires him to establish a lack of probable cause. *See e.g.*, *Humphreys v. Rowan-Salisbury Bd. of Educ.*, No. 21-CV-432, 2023 WL 2692433, at *6–7 (M.D.N.C. Mar. 29, 2023); *Elkins v. Broome*, 328 F. Supp. 2d 596, 599 (M.D.N.C. 2004) (holding "Plaintiff's trial and subsequent guilty verdict in district court precludes him from bringing his Section 1983 claims").

Here, a state court judge found Mr. Wells guilty of the two misdemeanor charges on which he was arrested by Sheriff Johnson: failure to disperse and disorderly conduct. Mr. Wells offers no evidence that his conviction was obtained by fraud or unfair means. As in *Elkins*, his trial and guilty verdict in district court establish probable cause and preclude him from bringing his § 1983 claims. Moreover, a judgment in his favor on his

6

§ 1983 claim would imply that the state court decision on probable cause is invalid, a result disallowed under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Mr. Wells contends that the state has prevented him from "obtaining a superior court reversal of his district court conviction" because the state "controls the timing of criminal prosecutions" and "has held open Mr. Wells' appeal for more than three years." Doc. 43 at 14 (cleaned up). However, the timing of his superior court trial says nothing about the district court finding that established probable cause. And he does not cite to any evidence calling into question the fairness of the district court process. Even if a jury in superior court acquits him on both charges, this will not negate the probable cause for his arrest established by his conviction in district court. *See Simpson*, 231 N.C. App. at 416; *Humphreys*, 2023 WL 2692433, at *5 (stating that in North Carolina "a conviction by a court of competent jurisdiction establishes the existence of probable cause, even if that conviction is later overturned"); *see also Elkins*, 328 F. Supp. 2d at 598–99 (finding guilty verdict in district court precluded plaintiff from asserting § 1983 claim).

Mr. Wells also contends that the law is unsettled as to whether a district court conviction establishes probable cause for an arrest, citing *Gilliam,* 932 F.3d 216. Doc. 43 at 13–14. While the court in *Gilliam* did acknowledge some uncertainty around this rule, it applied the rule and held that the appellants in that case had sufficiently alleged their vacated state court convictions were obtained improperly. 932 F.3d at 232. Thus, "collateral estoppel d[id] not preclude them from challenging the probable cause for their arrests." *Id.* (cleaned up); *see also Myrick v. Cooley*, 91 N.C. App. 209, 213–14, 371 S.E.2d 492, 495 (1988) (same).

7

Mr. Wells also has not presented evidence sufficient to support his First Amendment retaliatory arrest claim under the *Nieves* exception. He has not pointed to any "objective evidence" that he was arrested for disorderly conduct and failure to disperse in circumstances "where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Nieves*, 587 U.S. at 406–07; *see also Ballentine v. Tucker*, 28 F.4th 54, 62 (9th Cir. 2022) (allowing *Nieves* exception where plaintiffs presented evidence they were arrested, others engaged in chalking were not, and no one had ever been arrested under Nevada graffiti statute for chalking). Nor does he offer evidence that these two misdemeanors are "endemic but rarely result[] in arrest." *Nieves*, 587 U.S. at 407 (using jaywalking as an example where exception could apply).[2]

Further, there is an inconsistency issue with applying the *Nieves* exception to Mr. Wells' claim that his arrest for disorderly conduct was retaliatory. The *Nieves* exception applies only when there is probable cause for an arrest. 587 U.S. at 406.

But if there is probable cause for his arrest on a disorderly conduct charge, Mr. Wells cannot have been engaged in protected speech. North Carolina's disorderly conduct statute "prohibit[s] only words and conduct likely to provoke ordinary men to violence." *State v. Summrell*, 282 N.C. 157, 167, 192 S.E.2d 569, 575–76 (1972), *overruled on other grounds by State v. Barnes*, 324 N.C. 539, 380 S.E.2d 118 (1989);

---

[2] *See also Gonzalez*, 144 S. Ct. at 1666–67 (remanding case where plaintiff charged under state anti-tampering statute for removing a governmental record presented evidence that no one had ever been arrested for similar conduct); *Ballentine*, 28 F.4th at 62 (holding chalking on sidewalks was the type of offense for which officers typically do not arrest and *Nieves* exception applied); *Thomas v. Cassia County*, 491 F. Supp. 3d 805, 812–13 (D. Idaho 2020) (finding *Nieves* exception inapplicable to hit and run with aggravated felony assault charge).

*Cranford v. Kluttz*, 278 F. Supp. 3d 848, 871–72 (M.D.N.C. 2017); *see also* N.C. Gen. Stat. § 14-288.4(a)(2). North Carolina courts have explicitly held that § 14-288.4(a)(2) will not be interpreted to prohibit or chill "the exercise of any right protected by the First Amendment." *Summrell*, 282 N.C. at 169. Mr. Wells cannot consistently claim both that he was engaged in protected speech, an element of his First Amendment claim under either theory, and that he was not engaged in protected speech such that there was probable cause for his arrest.

Sheriff Johnson has made numerous other arguments in support of summary judgment. The Court need not address those in the face of the state court decision on probable cause. He also asks the Court to reconsider an earlier order in which the Court requested clarification on the plaintiff's claims,[3] and moves to continue the trial, citing a scheduling conflict. Because summary judgment will be granted for the defendant, these motions will be denied as moot.

## VI. Conclusion

Mr. Wells cannot pursue his First Amendment retaliatory arrest claim based on lack of probable cause, his district court conviction establishes probable cause and he has made no showing that the conviction was obtained fraudulently. Nor has he has offered

---

[3] The defendant's motion to reconsider is based on a misapprehension. He seems to think that by asking for supplemental briefing about the elements of the plaintiff's claims, Doc. 47, Doc. 55, the Court somehow implicitly allowed the plaintiff to amend the complaint. *See, e.g.*, Doc. 59; Doc. 63. Courts are entitled to ask for supplemental briefing anytime it would be helpful to understand a party's position. That is one of the purposes of a brief. Asking for such briefing does not mean that a party will prevail.

the kind of objective evidence that allows him to rely on the narrow *Nieves* exception. Sheriff Johnson is entitled to summary judgment.

It is **ORDERED** that:

1. The plaintiff's motion for summary judgment, Doc. 29, is **DENIED**.

2. The defendant's motion for summary judgment, Doc. 34, is **GRANTED**.

3. The defendant's motion for reconsideration, Doc. 58, is **DENIED** as moot.

4. The defendant's motion to continue, Doc. 62, is **DENIED** as moot.

5. Judgment will be entered separately.

This the 30th day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE